United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COACHELLA VALLEY UNIFIED SCHOOL DISTRICT, CHULA VISTA ELEMENTARY SCHOOL DISTRICT, ALISAL UNION ELEMENTARY SCHOOL DISTRICT, TERRA BELLA UNION ELEMENTARY SCHOOL DISTRICT, PAJARO VALLEY UNIFIED SCHOOL DISTRICT, OXNARD ELEMENTARY SCHOOL DISTRICT, HAWTHORNE SCHOOL DISTRICT, HAYWARD UNIFIED SCHOOL DISTRICT, SWEETWATER UNION HIGH SCHOOL DISTRICT, SALINAS UNION HIGH SCHOOL DISTRICT, CALIFORNIA ASSOCIATION FOR BILINGUAL EDUCATION, CALIFORNIANS TOGETHER, CALIFORNIA LEAGUE OF UNIFIED LATIN AMERICAN CITIZENS, IVETTE ZAVALA, MELISSA ZAVALA, a Minor, by IVETTE ZAVALA, her Guardian Ad Litem, LUIS OCHOA, JAMILET OCHOA, by LUIS OCHOA, her Guardian Ad Litem, <br><br> Petitioners/Plaintiffs, <br><br> v. <br><br> STATE OF CALIFORNIA, ARNOLD SCHWARZENEGGER, in his official capacity as Governor of the State of California, CALIFORNIA STATE BOARD OF EDUCATION, RUTH E. GREEN, GLEE JOHNSON, ALAN BERSIN, RUTH BLOOM, YVONNE CHAN, DONALD G. FISHER, KENNETH NOONAN, JOE NUNEZ, BONNIE REISS, JONATHAN WILLIAMS, in their official capacities as members of the Board of Education, JACK O'CONNELL, in his official capacity as State Superintendent of Public Instruction, CALIFORNIA DEPARTMENT OF EDUCATION, and DOES 1 through 30, inclusive, <br><br> Respondents/Defendants. | No. C 05-02657 WHA <br><br> **ORDER (1) REMANDING CASE; (2) FINDING MOTION TO INTERVENE MOOT; AND (3) VACATING HEARING** |

**INTRODUCTION**

In this education-rights action brought under California state law, plaintiffs move to remand this case to the Superior Court of San Francisco due to lack of subject-matter

1  jurisdiction.  Because the complaint does not raise a substantial issue of federal law, there was
2  no basis for removal under 28 U.S.C. 1441(b).  Accordingly, this order **GRANTS** plaintiffs'
3  motion to remand the action.

**STATEMENT**

Plaintiffs are various public school districts, non-profit organizations, students and parents challenging California's failure to comply with the No Child Left Behind Act ("NCLBA")(20 U.S.C. 6301 *et seq.*) with respect to students who are not yet proficient in English.  Defendants are collectively responsible for implementing education policies in compliance with the NCLBA for California public schools.

The NCLBA is a comprehensive educational-reform statute enacted "to ensure that all children have a fair, equal, and significant opportunity to obtain a high-quality education and reach, at a minimum, proficiency on challenging state academic achievement standards and state academic assessments."  20 U.S.C. 6301.  In furtherance of this goal, each state is required to implement "a set of high-quality, yearly student academic assessments that include, at a minimum, academic assessments in mathematics, reading or language arts, and science that will be used as the primary means of determining the yearly performance" of schools within the state.  20 U.S.C 6311(b)(3)(A).  For students learning English as a second language, annual assessments of English proficiency is also required.  20 U.S.C. 6311(b)(7).  The NCLBA specifically provides that "limited English proficient students . . . shall be assessed in a valid and reliable manner and provided reasonable accommodations on assessments . . . including, to the extent practicable, assessments in the language and form most likely to yield accurate data on what such students know and can do in academic content areas, until such students have achieved English language proficiency."  20 U.S.C. 6311(b)(3)(C)(ix)(III).  Academic assessments in another language (other than English) are expressly permitted, although it is presumed that students will develop English competency within three to five years.  20 U.S.C. 6311(b)(3)(C)(x).

Plaintiffs challenge defendants' alleged refusal to provide reasonable accommodations on assessments of students with limited English proficiency.  In particular, plaintiffs argue that

California, unlike fourteen other states, refuses to utilize a Spanish-language test or a modified-English test which reduces unnecessary linguistic complexity (Br. 2). The complaint, filed on June 1, 2005, (1) seeks a writ of mandate under California Code of Civil Procedure § 1085 to compel defendants to implement "valid and reliable" testing of students with limited English proficiency; (2) alleges illegal expenditures of taxpayers' funds in violation of California Code of Civil Procedure § 526(a); (3) alleges a violation of plaintiffs' right to education under the California Constitution; and (4) seeks declaratory relief. This action was removed by defendants on June 29, 2005. Plaintiffs now move for remand.

## ANALYSIS

### 1. LEGAL STANDARD.

Removal under 28 U.S.C. 1441(b) is permitted for actions involving a federal question over which the district court would have had original jurisdiction pursuant to 28 U.S.C. 1331. The removing party always bears the burden of establishing removal is proper. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1990).

The "well-pleaded complaint rule" provides that federal jurisdiction only exists when a federal question is presented on the face of plaintiff's properly pleaded complaint, unaided by the answer or by the petition for removal. *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 113 (1936)(further noting that the federal issue must not be "merely a possible or conjectural one"). A federal defense, even if anticipated, is not part of a plaintiff's cause of action. *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998). This rule thus enables the plaintiff, as "master of the complaint," to have his action heard in state court "by eschewing claims based on federal law." *Caterpillar Inc. v. Williams*, 482 U.S. 385, 399 (1987).

Subject-matter jurisdiction clearly exists where federal law creates the cause of action. Where the plaintiff only asserts causes of action under state law, the case may nonetheless be deemed to "arise under" federal law "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The mere presence of a federal issue in a state cause of action, however, does not automatically raise a federal question. *Id.* at 813. Indeed, the

3

1  Supreme Court has explicitly found that "a complaint alleging a violation of a federal statute as
2  an element of a state cause of action, when Congress has determined that there should be no
3  private, federal cause of action for the violation, does not state a claim 'arising under the
4  Constitution, laws, or treaties of the United States.'" *Id.* at 817. In other words, "if a federal
5  law does not provide a private right of action, then a state law action based on its violation
6  perforce does not raise a 'substantial' federal question." *Utley v. Varian Assocs., Inc.*, 811 F.2d
7  1279, 1283 (9th Cir. 1987).

### 2. PLAINTIFFS' COMPLAINT RAISES NO FEDERAL QUESTION.

There is no dispute that the complaint only alleges causes of action under California law. The issue, then, is whether this action nonetheless "arises under" federal law. In essence, defendants argue that "one of the substantial federal questions posed by this case" is whether the NCLBA creates a private cause of action, although defendants insist there is none (Opp. 11). The Ninth Circuit has not yet addressed this issue. At least two other district courts, however, have held that it does not. *Ass'n of Community Orgs. for Reform Now v. New York City Dep't of Educ.*, 269 F. Supp.2d 338 (S.D.N.Y. 2003); *Fresh Start Academy v. Toledo Bd. of Educ.*, 363 F. Supp.2d 910 (N.D. Ohio 2005). This Court agrees. Indeed, at the case management conference, plaintiffs were willing to stipulate that they did not have a private cause of action under the NCLBA. We thus have the curious situation in which *everyone* in this action agrees that there is no private right of action under this statute. It would seem that defendants have manufactured an issue out of thin air in a vain effort to bootstrap their *own* issues into federal court. Plaintiffs' allegations that defendants have failed to comply with the NCLBA do not raise a substantial federal question. *Utley*, 811 F.2d at 1283.

Nor do plaintiffs appear to be challenging the validity or construction of the NCLBA itself. Defendants argue that the Court should construe 20 U.S.C. 6311(b)(3)(C)(ix)(III) because it "will be totally outcome determinative" (Opp. 7). Because subject-matter jurisdiction is lacking, however, the undersigned declines to engage in any substantive interpretation of the NCLBA. This case must be remanded. In any event, it may very well be, as defendants argue, that California Code of Civil Procedure § 1085 cannot create a right (but

United States District Court
For the Northern District of California

can only be used to enforce one), such that if plaintiffs have no private right of action under the NCLBA, their first cause of action necessarily fails (Opp. 10). But this is for the state court to decide.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to remand is **GRANTED**. This action is immediately **REMANDED** to the Superior Court of California for the County of San Francisco. In light of this ruling, the pending motion to intervene is **RENDERED MOOT**. The hearing on these two motions, currently scheduled for **AUGUST 18, 2005 AT 8:00 A.M.**, is **VACATED**.

**IT IS SO ORDERED.**

Dated: August 5, 2005



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5